IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-04653-RBJ

ELIAS ACOSTA GONZALEZ,

Petitioner,

v.

JUAN BALTAZAR, et al.,
in their official capacities,

Respondents.

---

**ORDER**

---

This matter comes before the Court on Elias Acosta Gonzalez's ("Petitioner") Verified Petition for Writ of Habeas Corpus ("Petition). ECF No. 1.

The Petition alleges that Petitioner is a 46-year-old man from Mexico currently detained by Immigration and Customs Enforcement ("ICE") at the Denver Contract Detention Facility in Aurora, Colorado. *Id.* at 2, 6. Petitioner entered the United States on a tourist visa in 1996, departed, and then re-entered in 2002. *Id*. at 3. Petitioner has been living in the United States since then. *Id.* Petitioner's entire extended family lives lawfully in the country, including his wife who is a Lawful Permanent Resident and his four children who are citizens. *Id.* at 6.

On May 30, 2026, Petitioner was arrested in Orlando, Florida. *Id.* After Petitioner paid bond and was released from criminal custody, ICE detained him. *Id.* The following day, ICE created a Notice to Appear ("NTA") for Petitioner but never served him with the document or completed the Certificate of Service. *Id.*; ECF No. 1-2 at 4. Over the next few months, ICE transferred Petitioner several times to various detention facilities in Florida and then eventually to the Denver Contract Detention Facility on August 17, 2026. ECF No. 1 at 7. During this time, a few Master Calendar Hearings were scheduled for Petitioner but none of them took place. *Id.*

On September 9, 2026, Petitioner attended his first individualized Master Calendar Hearing. *Id.* The Immigration Judge acknowledged that ICE had not served Petitioner with the NTA and ordered ICE to properly serve him. *Id.* at 8. At the rehearing a week later, the Immigration Judge noted that ICE had failed to complete service and granted Petitioner's counsel's oral motion to terminate removal proceedings. *Id.*; ECF No. 1-4. However, Petitioner remains in ICE custody. ECF No. 1 at 8.

The Petition challenges Petitioner's present detention as unlawful. *Id.* at 2. Petitioner requests that this court order his immediate release and enjoin ICE from unilaterally imposing additional restraints on his liberty or rearresting him without procedural due process. *Id.* at 24. In support, the Petition asserts that Petitioner's

detention violates due process and federal law because ICE never served him with the NTA and did not hold a hearing for more than eight weeks after his deprivation of liberty. *Id.* at 8-18. The Petition also maintains that because the Immigration Judge terminated Petitioner's removal proceedings, ICE is detaining him without statutory authority. *Id.* at 18-20.

To protect the status quo and preserve this Court's jurisdiction, the Court hereby enjoins Respondents from removing petitioner from the United States or transferring him out of Colorado unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this order or the case is terminated.

At this time, the Court takes no action with respect to the remainder of the relief sought in the Petition. The Court respects the urgency of Petitioner's allegations, as well as the expedited nature of habeas proceedings. Nevertheless, these considerations must be balanced with affording Respondents a reasonable time to assess the facts and legal issues from their perspective and respond appropriately.

To the extent not already done, counsel for Petitioner is directed by Friday, September 28, 2026, to: (1) serve Respondents with a copy of the Petition along with a copy of this Order, by email and overnight mail; and (2) promptly file proof of such service on the docket. Counsel for Respondents shall promptly enter notices of appearance.

Within seven days of service, respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted. *See Yassine v. Collins*, 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. Jul. 7, 2025) (stating that 28 U.S.C. § 2243's three-day deadline is "subordinate to the district court's authority to set deadlines") (citation omitted).

Dated: September 23, 2026. BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge