IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-04653-RBJ

ELIAS ACOSTA GONZALEZ,

Petitioner,

v.

JUAN BALTAZAR, et al.,
in their official capacities,

Respondents.

---

# ORDER

---

Before the Court is Elias Acosta Gonzalez's ("Petitioner") Verified Petition for Writ of Habeas Corpus ("Petition"). ECF No. 1.

Petitioner seeks an order declaring his current immigration detention unlawful under the Constitution and asks this Court to order his release. *Id.* at 2, 24. Respondents have declined to file a responsive brief, and they recognize that the Court may grant the Petition and award appropriate relief. ECF No. 8 at 1-2. If so, Respondents state that the appropriate relief would be to order a bond hearing for Petitioner or to release him. *Id.*

For the reasons set forth below, the Court agrees that Petitioner's current detention is unlawful and orders Respondents to release him.

## I. Background

The Petition alleges that Petitioner is a 46-year-old man from Mexico currently detained by Immigration and Customs Enforcement ("ICE") at the Denver Contract Detention Facility in Aurora, Colorado. *Id.* at 2, 6. Petitioner entered the United States on a tourist visa in 1996, departed, and then re-entered in 2002. *Id*. at 3. Petitioner has been living in the United States since then. *Id.* Petitioner's entire extended family lives lawfully in the country, including his wife who is a Lawful Permanent Resident and his four children who are citizens. *Id.* at 6.

On May 30, 2026, Petitioner was arrested in Orlando, Florida. *Id.* After Petitioner paid bond and was released from criminal custody, ICE detained him. *Id.* The following day, ICE created a Notice to Appear ("NTA") for Petitioner but never served him with the document or completed the Certificate of Service. *Id.*; ECF No. 1-2 at 4. Over the next few months, ICE transferred Petitioner several times to various detention facilities in Florida and then eventually to the Denver Contract Detention Facility on August 17, 2026. ECF No. 1 at 7. During this time, a few Master Calendar Hearings were scheduled for Petitioner but none of them took place. *Id.*

On September 9, 2026, Petitioner attended his first individualized Master Calendar Hearing. *Id.* The Immigration Judge acknowledged that ICE had not served Petitioner with the NTA and ordered ICE to properly serve him. *Id.* at 8. At

the rehearing a week later, the Immigration Judge noted that ICE had failed to complete service and granted Petitioner's counsel's oral motion to terminate removal proceedings. *Id.*; ECF No. 1-4. However, Petitioner remains in ICE custody. ECF No. 1 at 8.

On September 21, 2026, Petitioner filed this Petition pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner argues that his detention violates due process and federal law because ICE never served him with the NTA and did not hold a hearing for more than eight weeks after his deprivation of liberty. *Id.* at 8-18. The Petition also maintains that because the Immigration Judge terminated Petitioner's removal proceedings, ICE is detaining him without statutory authority. *Id.* at 18-20.

## II. Discussion

A district court may grant a writ of habeas corpus to any person who demonstrates that he is "in custody in violation of the Constitution or laws of the United States." § 2241. The individual in custody bears the burden of proving that his detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941). Section 2241 habeas proceedings are available as a forum for statutory and constitutional challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). Where the dispute is fundamentally legal in nature, the court may decline to hold a hearing. 28 U.S.C. § 2243; *see, e.g.*, *Garcia Cortes v. Noem*, No. 1:25-cv-02677-

CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025). Here, neither party has requested a hearing, and the Court finds that no hearing is necessary.

Respondents have offered no evidence to undermine Petitioner's allegations that his detention is unlawful, and their response brief effectively concedes as much. ECF No. 8. The brief record before the court provides no evidence of ICE serving Petitioner with the NTA as required by federal law and the Immigration Judge. Furthermore, the Court sees no justification for Petitioner's initial detention for weeks without a hearing or his continued detention after removal proceedings have been terminated. The Court therefore concludes that Petitioner's continued detention is unconstitutional.

The Court further finds that release is the appropriate remedy. *See* 28 U.S.C. § 2243 (granting courts the power to "dispose of [habeas corpus matters] as law and justice require"); *Quiroz Zacarias v. Mullin*, No. 26-cv-0574-WJM, 2026 WL 1092162, at *5 (D. Colo. Apr. 22, 2026) (ordering petitioner's immediate release and recognizing that another bond hearing "would only add further insult to the constitutional injury to which [p]etitioner has already been subjected"). Indeed, "the mounting evidence that bond determination hearings conducted in Immigration Court under § 1226(a) have preordained outcomes has become impossible to ignore." *Pal v. Lyons*, No. 26-CV-1102-WJM, 2026 WL 937962, at *4 (D. Colo. Apr. 7, 2026). Furthermore, as noted, Respondents have also acknowledged that

release is an appropriate remedy in this case if the Court grants the writ. ECF No. 8 at 1-2.

It is hereby ORDERED that:

1. The Petition, ECF No. 1, is GRANTED. Respondents SHALL release petitioner on his own recognizance within 48 hours of this Order.
2. Respondents MAY NOT impose additional release conditions other than those that Petitioner was subject to prior to his current detention.
3. The parties WILL, within five (5) days of this Order, file a joint status report informing the Court of the status of Petitioner's release.

It is SO ORDERED.[1]

Dated: October 2, 2026

BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge

[1] To the extent Petitioner seeks attorney fees, he is directed to file a separate motion complying with the Federal Rules of Civil Procedure and the Local Rules.